ATLANTIC ALUMINUM & METAL DISTRIBUTORS, INC. v. UNITED STATES (No. 4996)[1]

United States Court of Customs and Patent Appeals, January 6, 1960

*Michael Stramiello, Jr.*, for appellant.

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Alfred A. Taylor, Jr.*, and *Richard H. Welsh*, trial attorneys, of counsel) for the United States.

[Oral argument October 8, 1959, by Mr. Stramiello, Jr., and Mr. Welsh]

---

[1] C.A.D. 735.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK [2]

SMITH, Judge, delivered the opinion of the court:

 The importer appeals from the judgment of the Second Division of the United States Customs Court, sustaining the collector's liquidation, and here challenges the collector's classification of the merchandise in issue (see C.D. 2063). The merchandise, exemplified by exhiibts 1 through 9, consists of extruded aluminum tubes,[3] one specimen having a square cross section approximately three-fourths inch on a side, the others having circular cross sections of diameters varying from three-eighths inch to two inches. These tubes are used in the manufacture of various items including furniture, television antennas, clothes racks and the like.

The competing provisions of the Tariff Act of 1930, are:

*Assessed:* Paragraph 397 as modified by T.D. 51802.

Articles or wares not specially provided for, whether partly or wholly manufactured: * * * composed wholly or in chief value of * * * aluminum * * * Other_____ 22½% ad val.

*Claimed:* Paragraph 374 as modified by T.D. 51802.

Aluminum, aluminum scrap, and alloys * * * in which aluminum is the component material of chief value: * * * In * * * rods, bars,_____ 3¢ per lb.

The importer asserts that the tubes are called "hollow bars" and "hollow rods," and infers from this assertion that the tubes are, in common meaning, rods and bars. Therefore, he contends that the merchandise should be classified with "rods, bars," and the duty assessed according to paragraph 374.

The Government asserts, and the Customs Court found, that the terms "bars" and "rods," in common meaning, connote solid, not hollow elements, for which reason the tubes cannot be classified as "rods, bars,". Hence the Government contends and the Customs Court held, that the duty was properly assessed according to paragraph 397.

This presents the issue—are aluminum tubes "bars" and "rods" within the common meaning of such terms as used in paragraph 374?

In the absence of prior decisions construing this particular portion of the statute, the resolution of the issue must be made on the evidence presented, which must be evaluated in light of the following legal principles:

 1) To determine common meaning, the courts have relied primarily upon lexicons. *United States* v. *Mercantil Distribuidora, S.A., Joseph H. Brown*, 43 CCPA 111, C.A.D. 617.

[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell*, pursuant to the provisions of Title 28, United States Code, Section 294(d).

[3] Webster's New International Dictionary, Second Edition 1939 defines Tube as "a hollow cylinder of any material, to convey liquid or gases or *for some other purpose.*" (Emphasis added.)

2) When lexicons have proved to be inconclusive, the courts have looked to testimony in the record, *United States* v. *Colonial Commerce Co., Ltd., P. John Hanrahan, Inc.*, 44 CCPA 18, C.A.D. 629; and to legislative history. *United States* v. *Mercantil Distribuidora, S.A., Joseph H. Brown, supra.*

Evidence as to common meaning is advisory only in determining the question, *United States* v. *Mercantil Distribuidora, S.A., Joseph H. Brown, supra.*

The present record contains definitions from various lexicons introduced to show the common meaning of the terms "bars" and "rods." We find these definitions are inconclusive. The definitions from *Webster's New International Dictionary*, 1920 Edition, are representative of all such definitions.

bar * * * 1. A piece of wood, metal or other material, long in proportion to its breadth and thickness, and having, in general, considerable rigidity, such as one used for a lever, support, hindrance, obstruction, fastening, etc. * * * 3. A piece of some substance, of indefinite size, shaped so as to be long in proportion to its breadth and thickness; * * *

rod * * * 1. A straight or slender stick; a wand; hence, any slender bar, as of wood or metal.

These definitions establish that a bar or a rod is "long in proportion to its breadth and thickness." The evidence establishes that the imported tubes are also "long in proportion to [their] breadth[s] and thickness[es]." From these premises the importer asks us to find that tubes are bars and rods. This constitutes an invalid syllogism. The undistributed middle term prevents reliance upon the premises to support the importer's conclusion. If we were to agree with this argument, we would then be required logically to hold that every item having length would be a rod or bar, since every item having length is, by definition, long in proportion to its breadth and thickness.

To resolve the issue presented, we next consider the appellant's evidence. Appellant called the vice president and an employee of the importing firm as witnesses to establish that in the trade the merchandise was called "hollow bars" and "hollow rods." The statute specifies "rods, bars," and does not modify these terms with the adjective, "hollow." We are bound by the specific words of the statute. *Hampton, Jr., & Co.* v. *United States*, 12 Ct. Cust. Appls. 490, T.D. 40695. Consequently even if appellant had established that the tubes are called "hollow bars" and "hollow rods" that evidence would not be germane to the issue of whether they are "bars" and "rods" as these terms are used in the statute.

The issue here is further confused by the testimony of appellant's own witnesses that the merchandise was referred to variously as "tubes," "poles," "hollow bars," "hollow rods," "shafts," "posts," and "other names as well." After reading this testimony, we find it does not establish anything definite as to the name or names used in the aluminum industry to designate the products represented by exhibits 1 through 9. It does not aid the court in clarifying the meaning of

the terms "rods" and "bars." If anything, this testimony indicates that the tubes are aluminum articles of general utility.

The testimony introduced by the Government establishes that the terms "rods" and "bars" do not have a common meaning in the aluminum industry which includes tubes, as urged by appellant. The witness called by the Government was an employee of the Reynolds Metal Company, a large producer of aluminum products. This witness was well informed, and he testified that the articles represented by exhibits 1 through 9 would not be recognized as rods or bars, but as tubing. He also testified that the aluminum trade does not designate such articles as hollow bars or rods. This testimony is unequivocal and clearly supports the Government's position.

The definitions and testimony introduced by appellant are so inconclusive on the issues presented we are not persuaded that we should overrule the consistent findings of the collector and the Customs Court.

It is axiomatic that a presumption of correctness attaches to the collector's classification. *Lowenthal Trimming Corp.* v. *United States*, 39 CCPA 149, C.A.D. 477; *McKesson & Robbins, Inc.* v. *United States*, 27 CCPA 157, C.A.D. 77. To overcome this presumption, the protestant has the burden of proving not only that the collector erred, but also that the classification urged by the protestant is correct. *W. T. Grant Company* v. *United States*, 38 CCPA 57, C.A.D. 440; *United States* v. *Good Neighbor Imports, Inc.*, 33 CCPA 91, C.A.D. 321; *United States* v. *Fred. Gretsch Mfg. Co., Inc.*, 28 CCPA 26, C.A.D. 120.

We find appellant has failed to sustain the burden of proving that aluminum tubes are, by common meaning, bars and rods. We therefore *affirm* the decision of the Customs Court.

WORLEY, Chief Judge, dissenting.

The importer urges here, as below, that the provision for aluminum bars and rods is an *eo nomine* designation which, without terms of limitation or contrary legislative intent, includes all forms of aluminum bars and rods, whether solid or hollow, and relies on *Schade & Co.* v. *United States*, 5 Ct. Cust. Appls. 465, T.D. 35002; *Smillie & Co.* v. *United States*, 11 Ct. Cust. Appls. 199, T.D. 38966; and *Nootka Packing Co. et al.* v. *United States*, 22 CCPA 464, T.D. 47464. In my opinion those precedents are applicable here, and the importer has satisfactorily discharged its dual burden of proof.

First, it would seem that the importations satisfy the requirements of the dictionary definitions if those definitions are given their usual and ordinary meanings. I am unable to agree with the rather strained interpretation of the majority. Indeed, under that interpretation it is puzzling to know just what, if anything, could be considered a "bar" or a "rod." Surely a curtain rod, for example, is no less a rod

merely because it is "long in proportion to its breadth and thickness," or because it is hollow rather than solid.

Second, the importer's witnesses appear to be experienced and well qualified to testify in support of the importer's position.[4] I am inclined to give their testimony greater weight than that of the Government witness who, among other things, rather positively stated that a rod would have to be "in excess of ⅜th inch diameter."[5]

Certainly I am unable to agree with the majority that "Consequently even if appellant had established that the tubes are called 'hollow bars' and 'hollow rods' that evidence would not be germane to the issue of whether they are 'bars' and 'rods' as those terms are used in the statute." Quite the contrary, such evidence is vital to the issue set out by appellant that

Neither before the trial Court nor in the instant appellate proceeding has the importer contended that the articles here involved are not aluminum tubes. The witnesses who testified for both parties readily acknowledged that they are sometimes known as and referred to as tubes. However, the appellant contends that the record evidence demonstrates that the articles under protest are also known and referred to by those dealing in such wares as bars and rods and are embraced within the common and commercial meaning of the terms "bar" or "rod" as used in paragraph 374 of the 1930 Tariff Act.

The majority begins with the proposition that the instant imports are "tubes" and therefore can be nothing else. It should be noted, however, that Congress made no express provision for aluminum tubes, but did so for aluminum "bars" and "rods." Surely the latter is more specific than the usual "basket" provision of paragraph 397.

Finally, appellant points out that in paragraph 304 Congress distinguished between steel products, including "billets and bars whether solid or hollow;" and would have done so here had it intended to distinguish between solid and hollow aluminum rods and bars. While that conclusion does not necessarily follow, it is a reasonable assumption and, on the record here, I am disposed to resolve the doubt in favor of the importer. *Star-Kist Foods, Inc.* v. *United States*, (*Bruno Scheidt, Inc., Party In Interest*, 45 CCPA 16, C.A.D. 666.

---

[4] Importer's witness Katz testified:

Q. Have you seen used and heard used the terms bar and rod in connection with hollow objects?

A. Yes, sir.

Q. Under what circumstances?

A. I have seen them in advertisements, in brochures, both here in the United States and abroad, as well as we have received invoices under that category.

Importer's witness Bossert testified:

Q. Have you ever heard the manufacturer refer to these components in any particular phraseology?

A. As tubing.

Q. Anything else? A. As bar; as rods.

[5] Appellant directs our attention to the following passage in its brief: "Moreover, the witness admitted that the dictionary definitions of those terms did not require that they be solid. Also, the limitation of ⅜ of an inch as a minimum diameter for an article to qualify as a rod is contrary to a finding of the same division of the trial Court that a round form of aluminum alloy $\frac{7}{32}$ of an inch in diameter is a rod within the common meaning of that term as used in paragraph 374. *Mohawk Iron & Steel Co.* v. *United States*, 30 Cust. Ct. 274, C.D. 1533.